# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JULIAN FISHER as brought through his Conservator Jinna Miller

Plaintiff,

v.

ABBOTT LABORATORIES and ABBVIE INC.

Defendants.

Case No. 2:22-cv-05133-SB (ASx)

**PROTECTIVE ORDER**

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action is likely to involve the production of "Confidential Information" for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Confidential Information is defined herein to include information that is not in the public domain and contains employee information, financial data and information, and any other information that may reasonably be characterized by a party as intellectual property, a trade secret, or confidential and proprietary information, including information protected from disclosure by FDA regulations including 21 C.F.R.§ 20.63 and 21 C.F.R. § 314.430; information provided to Defendants Abbott Laboratories and AbbVie Inc. (collectively, "Defendants") by third parties with the expectation that Defendants would keep such information confidential or pursuant to contracts that expressly require Defendants to maintain the confidentiality of the information or that is otherwise protected from disclosure by statute; names and other identifying information of patients in clinical studies or adverse event reports as well as the physicians who reported to Defendants adverse events concerning one of their patients; confidential client lists; information that is not generally available to the public that relates to, reflects or was or is used to help form Defendants' research, business and legal strategies, such as information that is not generally available to the public that relates to, reflects or was or is used to help form Defendants' research, business and legal strategies, such as business or marketing plans or studies; sales data that is kept confidential; pricing and financial information; discount information; rebate information; plaintiff medical records and personal financial information; non-public financial data that would reveal Defendants' future strategic commitments; information relating to job performance evaluations or disciplinary actions; information that is not generally available to the public that relates to consumer purchasing habits, pricing information, sales techniques, sales volumes;

and information concerning communication with government agencies. For purposes of discovery, "trade secret" shall include any formula, compilation, program, plan, device, design, method, technique, process or other information used in the Producing Party's business and for which confidentiality or sensitivity has been reasonably maintained; and "proprietary" information shall mean any information in which a party has a protectable interest, including information regarding a party's finances, processes, products, services, research and development, sales and marketing, strategies and technologies, trade secret or other confidential research, development or commercial information or other non-public information about the financial and business affairs of the parties.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: *JULIAN FISHER as brought through his Conservator JINNA MILLER v. ABBOTT LABORATORIES, et al.*, No. 2:22-cv-05133-SB (ASx)

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained

(including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Privileged Information: any materials that contain information protected from disclosure as defined by the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data

in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.[1]

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or

---

[1] The parties have stipulated and agreed to maintain the confidentiality designations made in prior litigations involving the same product and similarly alleged injuries to facilitate the efficient and expeditious exchange of discovery material. The protective order entered in the lead consolidated case for prior Depakote litigation, *In re Depakote: Rhealyn Alexander, et al., v. Abbott Lab'ys, Inc.,* No: 3:12-cv-00052 S. D. Ill.), is appended to this Motion for a Protective Order as Exhibit A. The parties have made changes to the instant template only where necessary to align with that protective order, which governs the documents previously produced that Defendants plan to reproduce here.

1    produced.

2         Designation in conformity with this Order requires:

3    (a)    for information in documentary form (e.g., paper or electronic

4            documents, but excluding transcripts of depositions or other pretrial or

5            trial proceedings), that the Producing Party affix at a minimum, the

6            legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"),

7            to each page that contains protected material. If only a portion or

8            portions of the material on a page qualifies for protection, the Producing

9            Party also must clearly identify the protected portion(s) (e.g., by making

10           appropriate markings in the margins). Prior productions that

11           Defendants replicate in this case shall maintain the designations made

12           at the time of production in prior litigations.

13           A Party or Non-Party that makes original documents available

14           for inspection need not designate them for protection until after the

15           inspecting Party has indicated which documents it would like copied

16           and produced. During the inspection and before the designation, all of

17           the material made available for inspection shall be deemed

18           "CONFIDENTIAL." After the inspecting Party has identified the

19           documents it wants copied and produced, the Producing Party must

20           determine which documents, or portions thereof, qualify for protection

21           under this Order. Then, before producing the specified documents, the

22           Producing Party must affix the "CONFIDENTIAL legend" to each

23           page that contains Protected Material. If only a portion or portions of

24           the material on a page qualifies for protection, the Producing Party also

25           must clearly identify the protected portion(s) (e.g., by making

26           appropriate markings in the margins). Prior productions that

27           Defendants replicate in this case shall maintain the designations made

28

at the time of production in prior litigations.

(b)     All testimony and exhibits provided at the depositions in this Action initially shall be considered "Confidential" and the court reporter shall mark all pages of deposition transcripts with the designation "Confidential - Subject to Further Confidentiality Review." In order to maintain the "Confidential" status of such testimony (including exhibits), the Designating Party must notify all other parties and the court reporter in writing of the specific pages and lines of the transcript that should be treated as Confidential within thirty (30) days of receipt of the final transcript. Only the exhibits and those portions of the transcript so designated within that thirty (30) day period shall be deemed Confidential. Counsel for the opposing party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). Prior productions that Defendants replicate in this case shall maintain the designations made at the time of production in prior litigations.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. See http://www.cacd.uscourts.gov/honorable-alka-sagar

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) or consultants of the Receiving Party, including the partners, associates, and stenographic, secretarial, paralegal, clerical, and other employees of such expert or consultant, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B);

(d) the court and its personnel;

(e) court reporters and their staff, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B);

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party

requests that the witness sign the form attached as Exhibit B hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit B), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B).

Any person listed who receives materials containing Confidential Information shall:

(a) be advised of this Order;

(b) be directed to use such Confidential Information only for purposes in connection with this Action, and not for any other purpose; and

(c) be directed to refrain from disclosing or discussing such Confidential Information with any person other than those already subject to the terms of this Order.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party, and in no event more than five (5) court days after receiving the subpoena or court order. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order and/or moves to quash the subpoena, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit B.

11.   PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

  11.1   Withholding Privileged Material

  In the event that any responsive documents or material are withheld from production on the basis that such material contains or includes Privileged information, the party withholding production of such documents shall provide a Privilege Log on a rolling basis, updated at regular and reasonable intervals, which shall state with respect to **each** responsive document being withheld or redacted on the basis that it contains Privileged materials the following information:  (1) the date of the document; (2) the author of the document; (3) the recipients of the document; (4) the specific privilege being invoked; and (5) a description of the document necessary to establish the existence of the privilege invoked.  Information qualifying as attorney work product under federal law are exempt from the requirements of this paragraph.

  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

  11.2   Partially Privileged Information

  Parties withholding information on the basis of a privilege are required to redact privileged information from documents also containing non-privileged information and to produce the redacted document.  A party cannot refuse to produce an entire document on the basis that the document contains both privileged and non-privileged information.

  11.3   Challenging Privileged Designation

  If there is a challenge to a "Privileged" designation and the parties are unable

in good faith to agree on whether the designation should remain, the party challenging the designation may move the Court to have the producing, responding or withholding party, as the case may be, make a witness available for a deposition limited to an inquiry concerning the "Privileged" designation of any so-designated materials.

11.4   <u>Inadvertent Production of Privileged Materials</u>

The inadvertent production of materials subject to a claim of privilege, work product, or other statutory or Court-ordered confidentiality shall not result in a waiver of any of the foregoing protections for the materials, or for any other privileged or immune materials containing the same or similar subject matter.  An inadvertent production by a party in this Action shall not be used as a basis for arguing that a claim of privilege, work product, or other statutory or Court-ordered confidentiality has been waived in any other proceeding.  If any party inadvertently produces such materials, upon receipt of notice of such disclosure, the receiving party shall promptly return or delete from its litigation support or other database(s) such materials; return or destroy its other copies, if any, of such materials; destroy its notes or other work product reflecting the contents of such materials; and confirm in writing to the producing party that all copies of the recalled materials have been returned or destroyed in accordance with this Order.  If the receiving party seeks to challenge the disclosing party's claim that the materials are privileged, protected, or otherwise subject to recall, it shall present the materials in dispute to the Court under seal for a determination.

12.   <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4 Retaining Jurisdiction. This Court shall retain jurisdiction even after the termination of this Action to enforce the terms of this Order and to make such amendments, modifications, deletions and additions as the Court deems necessary and appropriate.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of the final disposition, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED  March 31, 2023

 /s/ Mark T. B. Patterson

Attorneys for Plaintiff

DATED:  March 31, 2023

 /s/ Shannon E. Beamer

Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  April 3, 2023

       / s / Sagar

Honorable Alka Sagar

United States Magistrate Judge

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Mark Patterson with Morgan & Morgan, P.A., counsel for Plaintiff, Julian D. Fisher, concur in the content of this filing and have authorized this filing.

Dated:  March 31, 2023

VENABLE LLP

/s/ *Shannon Beamer*

By:     Shannon E. Beamer
        Jamar S. Mancano

Attorneys for Defendants
ABBOTT LABORATORIES and
ABBVIE, INC.

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE DEPAKOTE: | ) | |
| | ) | |
| **RHEALYN ALEXANDER, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | **CIVIL NO. 12-52-GPM** |
| | ) | |
| vs. | ) | **LEAD CONSOLIDATED CASE** |
| | ) | |
| **ABBOTT LABORATORIES INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

WHEREAS, the discovery phase of this case will involve the exchange of confidential business information and information involving the privacy rights of individuals, including the parties;

WHEREAS, the Court wishes to expedite the free flow of information between the parties, facilitate the prompt resolution of disputes over confidentiality, protect the parties from undue burden and expense, and ensure that protection is afforded only to material so entitled, IT IS ORDERED as follows:

1.     This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced in the above-captioned case, all cases currently consolidated into the above-captioned case, any future Depakote cases consolidated into the above-captioned case, and any cases assigned from this consolidated case to a Magistrate Judge for future proceedings[1] ("the Action") and designated as Confidential during the discovery phase

---

[1] This category includes, but is not limited to, Cause No. 3:13-cv-00324, *B.P. v. Abbott Laboratories, Inc.*; Cause No. 3:13-cv-00325, *H.C. v. Abbott Laboratories, Inc.*; and Cause No. 3:13-cv-00326, *J.B. v. Abbott*

of this litigation.

2.      In the event that any documents, interrogatory answers, responses to requests for admission, testimony, or other information or materials produced during the course of discovery of the Action are designated as being "Confidential" in accordance with this Order ("Confidential Information"), the Confidential Information produced shall be maintained in confidence and not disclosed to any person (including representatives and employees of the producing or receiving party) except as provided herein and shall be subject to the provisions of this Order.

3.  The term "Confidential Information," as used in this Protective Order, is defined in accordance with and follows Seventh Circuit law.  Confidential information is defined herein to include information that is not in the public domain and contains employee information, financial data and information, and any other information that may reasonably be characterized by a party as intellectual property, a trade secret, or confidential and proprietary information, including information protected from disclosure by FDA regulations including 21 C.F.R.§ 20.63 and 21 C.F.R. § 314.430; information provided to Abbott by third parties with the expectation that Abbott would keep such information confidential or pursuant to contracts that expressly require Abbott to maintain the confidentiality of the information or that is otherwise protected from disclosure by statute; names and other identifying information of patients in clinical studies or adverse event reports as well as the physicians who reported to Abbott adverse events concerning one of their patients; confidential client lists; information that is not generally available to the public that relates to, reflects or was or is used to help form Abbott's research, business and legal strategies, such as information that is not generally available to the public that relates to, reflects or was or is used to help form Abbott's research, business and legal strategies, such as business

_Laboratories, Inc._

2

or marketing plans or studies; sales data that is kept confidential; pricing and financial information; discount information; rebate information; plaintiffs' medical records and personal financial information; non-public financial data that would reveal Abbott's future strategic commitments; information relating to job performance evaluations or disciplinary actions; information that is not generally available to the public that relates to consumer purchasing habits, pricing information, sales techniques, sales volumes; and information concerning communication with government agencies.  For purposes of discovery, "trade secret" shall include any formula, compilation, program, plan, device, design, method, technique, process or other information used in the Producing Party's business and for which confidentiality or sensitivity has been reasonably maintained; and "proprietary" information shall mean any information in which a party has a protectable interest, including information regarding a party's finances, processes, products, services, research and development, sales and marketing, strategies and technologies. trade secret or other confidential research, development or commercial information or other non-public information about the financial and business affairs of the parties.

4.     Any party to this Action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in the Action (hereinafeter the "Producing Party" or "Designating Party") may designate as "Confidential" any such information, document or material that it reasonably and in good faith believes constitutes or contains Confidential Information.  Although they may also contain "Privileged Information" (defined below), all medical, billing, pharmacy, insurance, financial and employment records of any Plaintiff or the relative of any Plaintiff are deemed to be "Confidential" by the Court.

5.     All materials designated "Confidential" under this Order shall be clearly stamped

3

by the party or other person desiring such designation.

6.      All testimony and exhibits provided at the depositions in this Action initially shall be considered "Confidential" and the court reporter shall mark all pages of deposition transcripts with the designation "Confidential - Subject to Further Confidentiality Review."   In order to maintain the "Confidential" status of such testimony (including exhibits), the Designating Party must notify all other parties and the court reporter in writing of the specific pages and lines of the transcript that should be treated as Confidential within thirty (30) days of receipt of the final transcript.  Only the exhibits and those portions of the transcript so designated within that thirty (30) day period shall be deemed Confidential.  Counsel for the opposing party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential.

7.      All  Confidential  Information,  including  any  writing  or  communication reproducing, paraphrasing, or otherwise disclosing such information, shall not be used for any purpose by the receiving party except for purposes in connection with (a) the Action, or  (b) any other proceeding filed by one or more of the lawyers for Plaintiffs in the Action alleging birth defect injuries resulting from exposure to the product(s) at issue in this Action.  However, nothing in this Protective Order shall affect Abbott's ability to review information that plaintiffs marked "Confidential" and report such information to regulatory agencies in compliance with its obligations under federal law.

8.      Confidential Information that has been produced in this litigation, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, may be disclosed only to:

      a.      The parties to this Action, including designated in-house counsel for Abbott (and the clerical, secretarial and other staff working for in-house counsel in the legal

4

department) and any employee that Abbott deems necessary to disclose such information for the purpose of assisting in, or consulting with respect to, the preparation of this Action;

b.     The attorneys for the parties to this Action, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees of such counsel.

c.     The experts or consultants retained or consulted by the parties to this Action, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees of such expert or consultant;

d.     Any person who prepared or originated the document, who is indicated on its face as a recipient of a copy thereof, or who otherwise legitimately received a copy; including, but not limited to, any treating physician or healthcare provider of any Plaintiff (collectively, "Treating Provider") whose medical and/or treatment records include the document;

e.     With respect to Confidential Information produced by any party to this Action or third party with respect to Plaintiff's alleged injuries, any Treating Provider, provided that the Confidential Information is not placed in the possession, custody, or control of a Treating Provider or in the files maintained by or on behalf of that Provider, and such Confidential Information must be relevant to the testimony or knowledge of that Provider. Abbott may only show a Treating Physician medical records for the Plaintiff(s) that he or she treated.

f.     Any person who is scheduled to be a witness at deposition, hearing or trial in this Action where the Confidential Information is reasonably anticipated to relate to the testimony or knowledge of such witness;

g.     The Court and related officials involved in this litigation, including judges, magistrates, commissioner, mediators, referees, jurors, court reporters, videographers, and other Court personnel (provided, however, that any material designated Confidential and filed with the Court is filed in accordance with the procedures for filing under seal described below); and

h.     Any person designated by the Court and in the interest of justice, upon such terms the Court deems proper.

9.     Prior to disclosing Confidential Information to any person listed in Paragraph 8(c), (e) or (h) above, the receiving party shall:

a.     provide such person with a copy of this Protective Order;

b.     and obtain from such person a signed statement in the form attached hereto as Exhibit A. Such statement shall be retained by the party and need not be filed with the Court or served upon opposing counsel unless required by the Court. Parties are required to maintain copies of all such statements obtained by them and may be required to produce them *in camera* to the Court upon request.

5

4067880

10.     With regard to any Treating Provider who is shown Confidential Information by a party pursuant to Paragraph 8(e), the opposing parties must be provided with copies and/or Bates numbers of such Confidential Information other than those described in Paragraph 8(d).  Such Confidential Information must be disclosed at least three business days before any deposition of that Provider.  If a party first shows Confidential Information to a Treating Provider less than three business days before that Provider's deposition, copies of any such "Confidential Information must be produced to the opposing party before the start of the deposition.

11.     Any person listed in Paragraph 8(a), (b), (d), or (f) who receives materials containing Confidential Information shall:

a.     be advised of this Order;

b.     be directed to use such Confidential Information only for purposes in connection with this Action, and in any other proceeding filed by one or more of the lawyers for Plaintiffs alleging birth defect injuries resulting from exposure to the product(s) at issue in this Action, and not for any other purpose; and

c.     be directed to refrain from disclosing or discussing such Confidential Information with any person other than those already subject to the terms of this Order.

12.     The fact that information or material has been designated as Confidential is not determinative of whether such information is, in fact, entitled to be deemed as such.  All parties shall bear in mind the Seventh Circuit's favor for transparency of the public record, and resulting preference for attaching to Court filings redacted rather than sealed documents.  *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

13.     In the event the nonproducing party wishes to file materials designated as "CONFIDENTIAL," the nonproducing party shall file the materials conditionally under seal and give the producing party contemporaneous notice.  If the producing party wishes the materials to remain filed under seal, the producing party must file a motion within fourteen (14) days and show good cause.  Similarly, should the producing party file its own materials under seal, it shall

6

do so conditionally and contemporaneously file a motion to show good cause why the materials should remain under seal.  If the Court grants the motion to seal, the materials shall remain filed under seal.  If the Court denies the motion, the materials shall be unsealed.

14.     Any summary, compilation, notes, copy, electronic image or database containing Confidential Information shall be subject to the terms of the Protective Order to the same extent as the materials or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

15.     Nothing contained herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

16.     Any party who has designated any material "Confidential" pursuant to this Order may consent to the removal of such designation by so notifying counsel for the other party in writing.

17.     Any party may object to a designation as follows:

a.     The party objecting shall notify the Designating Party in writing of that objection and shall specify the designated materials, or category or sub-set of information, to which the objection is made.

b.     The parties shall confer in good faith concerning any such objection.  If the objection is not resolved within 10 days after mailing of the notice, then the receiving party shall file a motion to remove the designation of Confidential.  The party designating the document as Confidential shall have the burden of evidentiary proof to establish grounds for such treatment as to each document or sub-set of documents where the Confidential designation has been placed at issue. Any such motion must be filed and served within 30 days after the expiration of the 10-day period for reaching agreement referenced to previously. Any briefing on

7

this issue shall be filed under seal.  If a motion is filed, information subject to dispute shall, until further order of the court, be treated consistently with its designation.

18.     Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto shall be construed as a waiver of any claim or defense in this Action.  Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude a party from seeking to impose such designation or challenging the propriety thereof.  In the event a party discovers that it inadvertently produced materials containing Confidential Information without marking them as such in accordance with this Protective Order, that party may provide written notice to the receiving party that the materials should be treated as Confidential in accordance with this Order.  Upon receipt of such notice, the receiving party shall treat such materials as Confidential, and upon receipt of materials properly marked as "Confidential," shall return or destroy the unmarked materials and shall reasonably ensure that others to whom the unmarked materials were disclosed have not retained copies.  In the case of inadvertently produced privileged and/or work product documents, Fed. R. Civ. P. 26(b)(5)(B) shall apply.

19.     This Protective Order does not govern the use of Confidential Information at trial. The Parties and the Court (or a Magistrate Judge to whom proceedings have been referred) shall determine the appropriate procedures to govern the use of Confidential Information at trial.

20.     The terms of this Order shall remain in full force and effect after termination of this action, unless modified, superseded, or terminated by the written agreement of the parties or by Order of this Court.  Within 30 days after completion of this litigation, all Confidential Information, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, shall be collected by counsel for the receiving party and returned to

8

4067880

the Designating Materials; provided, however, that attorney work product or pleadings containing information derived from Confidential Information may be destroyed rather than returned to the party who supplied such Confidential Information. For purposes of this Order, this Action shall be considered "completed" upon entry of a dismissal with prejudice of the entire action or upon ten days following the entry of judgment that has become final and non-appealable, or from which all appeals have been exhausted.

21.     If any attorney work product or pleadings containing information derived from Confidential Information is destroyed rather than returned to the party who supplied Confidential Information pursuant to paragraph 19, counsel for the receiving party shall produce a certificate confirming the destruction of all such Confidential Information (including, but not limited to, the original versions, all copies made, and all electronic versions) to counsel for the producing party within 60 days after completion of this Action unless counsel for the receiving party is involved in other similar litigation that is still pending as specified in paragraph 7.

22.     All parties and other persons who receive Confidential Information shall be under a continuing duty not to disclose such information obtained in the course of this litigation, and this duty shall continue in full force and effect after the completion of this Litigation.

23.     No party may refuse or delay to answer or respond to any discovery request on the basis that the response or answer would contain Confidential Information. Responsive documents may not be withheld from production on the basis that such documents contain or include Confidential Information.

24.     "Privileged" materials include any materials that contain information protected from disclosure as defined by the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

4067880

25. The entry of this Order shall neither be construed as a waiver of any right to object to the furnishing of information in response to discovery nor relieve any party of the obligation of producing information in the course of discovery.  In the event that any responsive documents are withheld from production on the basis that such documents contain or include Privileged materials, the party withholding production of such documents shall provide a Privilege Log on a rolling basis, updated at regular and reasonable intervals, which shall state with respect to **each** responsive document being withheld or redacted on the basis that it contains Privileged materials the following information: (1) the date of the document; (2) the author of the document; (3) the recipients of the document; (4) the specific privilege being invoked; and (5) a description of the document necessary to establish the existence of the privilege invoked. Information qualifying as attorney work product under federal law and created after August 17, 2010 are exempt from the requirements of this paragraph.

26. Parties withholding information on the basis of a privilege are required to redact privileged information from documents also containing non-privileged information and to produce the redacted document.  A party cannot refuse to produce an entire document on the basis that the document contains both privileged and non-privileged information.

27. If there is a challenge to a "Privileged" or "Confidential" designation and the parties are unable in good faith to agree on whether the designation should remain, the party challenging the designation may move the Court to have the producing, responding or withholding party, as the case may be, make a witness available for a deposition limited to an inquiry concerning the "Confidential" or "Privileged" designation of any so-designated materials.

28. The inadvertent production of materials subject to a claim of privilege, work product, or other statutory or Court-ordered confidentiality shall not result in a waiver of any of

4067880

the foregoing protections for the materials, or for any other privileged or immune materials containing the same or similar subject matter. An inadvertent production by a party in this Action shall not be used as a basis for arguing that a claim of privilege, work product, or other statutory or Court-ordered confidentiality has been waived in any other proceeding. If any party inadvertently produces such materials, upon receipt of notice of such disclosure, the receiving party shall promptly return or delete from its litigation support or other database(s) such materials; return or destroy its other copies, if any, of such materials; destroy its notes or other work product reflecting the contents of such materials; and confirm in writing to the producing party that all copies of the recalled materials have been returned or destroyed in accordance with this Order. If the receiving party seeks to challenge the disclosing party's claim that the materials are privileged, protected, or otherwise subject to recall, it shall present the materials in dispute to the Court under seal for a determination.

29.    This Court shall retain jurisdiction even after the termination of this Action to enforce the terms of this Order and to make such amendments, modifications, deletions and additions as the Court deems necessary and appropriate.

30.    Parties and counsel are advised that an intentional failure to comply with this Protective Order may be considered contempt of court and/or sanctionable conduct.

**IT IS SO ORDERED.**


**DATED: 4/22/2013**

s/G. Patrick Murphy_____
**HON. G. PATRICK MURPHY**
**United States District Judge**

4067880

EXHIBIT A
CERTIFICATE OF ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, declare that:


I have been given a copy of and have read the Protective Order entered in the action entitled *In re Depakote Cases*, Lead Consolidated Case No. 12-52-GPM-PMF (the "Action").  I agree to abide by the Protective Order and not to reveal or otherwise communicate to anyone or utilize any of the information designated "Confidential" that is disclosed to me except in accordance with the terms of such Order. Specifically, but not by way of limitation, I agree to use such Confidential Information only for purposes in connection with this Action,  and in any other proceeding filed by one or more of the lawyers for Plaintiffs alleging birth defect injuries resulting from exposure to the product(s) at issue in this Action, and not for any other purpose.

I acknowledge that any violation of the Protective Order may be punishable as contempt of court or through monetary sanctions ordered by the Court, or both, and agree to submit to the jurisdiction of the Court in the above-referenced case for purposes of enforcing compliance with the Protective Order.


Dated: _____

_____
Signature

_____
Printed Name

_____
Address

12

4067880

# EXHIBIT B

<u>EXHIBIT B</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *JULIAN FISHER as brought through his Conservator JINNA MILLER, v. ABBOTT LABORATORIES, et al.*, No. 2:22-cv-05133-SB (ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____